NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARL HARRISON BOND, Jr., | No. 15-55321 |
| Plaintiff-Appellee, | D.C. No. 5:11-cv-02049-DDP-PLA |
| v. | |
| KEITH MILLER, Nurse at WVDC; JOSEPH FLORIN, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Defendants Keith Miller and Joseph Florin appeal from the district court's

order denying their motion for summary judgment on the basis of qualified

immunity in Bond's 42 U.S.C. § 1983 action alleging constitutionally inadequate

medical care during his pretrial detention.  We have jurisdiction over this

_____

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

interlocutory appeal under 28 U.S.C. § 1291. *Conner v. Heiman*, 672 F.3d 1126, 1130 (9th Cir. 2012). We review de novo, and our review is limited to issues of law. *Lee v. Gregory*, 363 F.3d 931, 932 (9th Cir. 2004). We affirm.

The district court properly denied Miller and Florin's motion for summary judgment on the basis of qualified immunity because, viewing the evidence in the light most favorable to Bond, Bond raised a genuine dispute of material fact as to whether Miller and Florin violated Bond's constitutional right to adequate medical care, and that right was clearly established at the time of the alleged violations. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (setting forth two-part test for qualified immunity claims); *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (explaining that the right to be free from officers intentionally denying or delaying access to medical care was clearly established); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (deliberate indifference may be established if a defendant "purposefully ignore[s] or fail[s] to respond to a prisoner's pain or possible medical need"), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

**AFFIRMED.**